| | | |
|---|---|---|
| **A&B KANAB HOTELS, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **ORDER** |
| | ) | |
| **BLVD SARASOTA, LLC and EJB EQUITY, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**THIS MATTER** comes before the Court on the parties' joint Motion to Remand to State Court, (Doc. No. 10), and supporting Memorandum, (Doc. No. 11).

## I.     BACKGROUND

Plaintiff A&B Kanab Hotels LLC ("A&B") filed a lawsuit against Defendants BLVD Sarasota LLC ("BLVD") and EJB Equity LLC ("EJB") in North Carolina Superior Court, Mecklenburg County, Case No. 21-CVS-4002, on March 16, 2021.  On April 29, 2021, Defendants EJB and BLVD removed the action to this Court based on diversity jurisdiction.  (Doc. No. 1) (stating that BLVD is a citizen of several states including California).  However, on May 11, 2021, counsel for A&B indicated to counsel for Defendants that complete diversity did not exist because A&B includes members who are California citizens, and that as a result, Plaintiff A&B is a citizen of California.  (Doc. Nos. 10, 11).  On June 7, 2021, Plaintiff filed a Supplemental Statement of Jurisdiction positing that multiple members of Plaintiff are citizens and residents of California for diversity purposes.  As a result, Plaintiff stated, diversity does not exist.  (Doc. No. 9 at 1).

On July 1, 2021 the parties filed a joint motion to remand the case to State Court because complete diversity does not exist between the parties.  (Doc. Nos. 10–11).

## II.    DISCUSSION

A defendant can remove a civil action from state court to federal court if the federal district court has original jurisdiction over the action.  28 U.S.C. § 1441(a).  Here, Defendants removed this action on the basis of diversity jurisdiction, which requires both an amount in controversy exceeding $75,000.000 and complete diversity between the parties – "that is, only if no plaintiff and defendant are citizens of the same State."  UMLIC Consol., Inc. v. Spectrum Fin. Servs. Corp., 665 F. Supp. 2d 528, 532 (W.D.N.C. 2009); see also 28 U.S.C. § 1332.  "The burden of persuasion for establishing diversity jurisdiction, of course, remains on the party asserting it."  Hertz Corp. v. Friend, 130 S.Ct. 1181, 1194 (2010).  Following Plaintiff's Supplemental Statement of Jurisdiction and proof that the parties are not diverse, Defendants no longer argue that diversity jurisdiction applies to the action.  Therefore the Court will grant the parties' joint motion and remand the case to the State Court for adjudication.

## V.    CONCLUSION

The moving party no longer asserts complete diversity between the parties, and diversity jurisdiction was the only proposed basis for original jurisdiction.

**IT IS, THEREFORE, ORDERED** that:

1.    The Parties' Joint Motion to Remand to State Court, (Doc. No. 10), is **GRANTED.** This action is **REMANDED** to Mecklenburg County Superior Court; and

2.    The Clerk is respectfully directed to mail a copy of this Order to that court.


Signed: July 9, 2021


Robert J. Conrad, Jr.
United States District Judge

2